IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HELEN ALFORD            :
                        :
    Plaintiff,          :
                        :
vs.                     :     C. A. No. 07-CV-00375
                        :
CITY OF PHILADELPHIA,   :
                        :
    Defendant

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGEMENT, TO ENFORCE SETTLEMENT AGREEMENT, AND TO SANCTION THE DEFENDANT FOR ITS FAILURE TO COMPLETE OR COMPLY WITH THE SETTLEMENT AGREEMENT**

Pursuant to Rule 60 (b) of the Federal Rules of Civil Procedure, Plaintiff Helen Alford, through her undersigned counsel, hereby moves the Court to vacate its Order of October 11, 2007 pursuant to which it dismissed this action based on a settlement between the parties, and to enforce the settlement agreement. Additionally, Plaintiff seeks sanctions against the Defendant, including but not limited to the attorneys fees and costs she has incurred or will incur in securing the Defendant's compliance with the settlement agreement. In support of her motion, Plaintiff avers the following:

    1.    On April 25, 2007 Plaintiff Helen Alford filed the above-captioned action against the defendant, the City of Philadelphia (hereafter "defendant" or "the City"), the Philadelphia District Attorney's Office and two individually named defendants in which she raised claims relating to her employment with the City and the cessation thereof pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794, *et. seq.,*. She sought, *inter alia*, declaratory and injunctive relief, compensatory damages, attorneys' fees, and

litigation costs and expenses.

2. On January 29, 2007 Ms. Alford filed an Amended Complaint. Subsequently, she dropped her claims against the District Attorney's Office and the individually named defendants and proceeded against the City of Philadelphia only.

3. On June 13, 2007, during the course of discovery, the parties jointly requested that the Court refer the case to a United States Magistrate for settlement discussions. By letter dated July 13, 2007, the Court referred the case to the Honorable Thomas Reuter for that purpose. A true and correct copy of the Court's referral to the Magistrate Judge is attached hereto as Exhibit "A" and incorporated by reference herein.

4. A settlement conference was held with Magistrate Judge Reuter on October 9, 2007 during which the parties, both represented by counsel, agreed to settle the action. In exchange for the Plaintiff's agreement to execute a general release, the City agreed to pay a total of $59,000.00 in settlement. Pursuant to the terms of the Agreement, the City was to pay $39,000.00 in damages to the Plaintiff and $20,000.00 in attorneys fees to Plaintiff's counsel. The City further agreed to expunge Plaintiff's official personnel file to the extent that it contained materials related to the facts and circumstances which led to the Plaintiff's separation from City employment and which formed the basis of the instant lawsuit.

5. The City represented that it had authority to enter into the settlement, and agreed that within approximately one week it would provide Plaintiff, through her counsel, with a draft settlement agreement conveying the terms set forth during the settlement conference.

6. Based on the parties' representations and those of their counsel during the settlement conference, Magistrate Judge Reuter informed the Court that the case was settled. On

the basis of the parties' agreement to settle, the Court issued an Order dated October 11, 2007 in which it dismissed the case pursuant to Local Rule 41(b). A true and correct copy of the Court's Order of October 11, 2007 is attached hereto as Exhibit "B" and incorporated by reference herein.

7. To date, the City has not provided Plaintiff with a draft agreement nor has it taken any other steps to comply with the terms of the settlement.

8. Plaintiff's counsel has diligently sought to secure enforcement of the settlement agreement.

9. On October 22, 2007 Plaintiff's counsel, Lorrie McKinley, Esquire, wrote to counsel for the City, Deborah Weinstein, Esquire, inquiring when the settlement agreement would be provided. Ms. Weinstein responded that she had prepared a draft agreement and sent it to the District Attorney's Office for approval. She promised to forward the agreement "asap." A true and correct copy of the October 22, 2007 correspondence between counsel is attached hereto as Exhibit "C" and incorporated by reference herein.

10. On November 5, 2007 counsel for Plaintiff sent an E-mail to Ms. Weinstein to inquire when she could expect the settlement agreement. A true and correct copy of the November 5, 2007 E-mail from Lorrie McKinley, Esquire to Deborah Weinstein, Esquire is attached hereto as Exhibit "D" and incorporated by reference herein.

11. Gina McGinnis, paralegal to Plaintiff's counsel, spoke with the City's counsel and her staff twice during the week of November 12, 2007. On both occasions Ms. McGinnis was told that the agreement would be forthcoming once the District Attorney's Office approved it.

12. On November 15, 2007, almost five weeks after the settlement conference, Plaintiff's Counsel wrote to counsel for the City and informed her that if she did not receive a draft agreement by the end of business on Tuesday, November 20, she would be left with no alternative but to file a motion to enforce the agreement. Having received nothing in response, she called counsel for the City on November 26, 2007 to see whether such a motion could be avoided. Counsel for the City was unable to say when the agreement would be transmitted. A true and correct copy of the Letter from Lorrie McKinley, Esquire to Deborah Weinstein, Esquire dated November 15, 2007 is attached hereto as Exhibit "E" and incorporated by reference herein.

13. Plaintiff and her counsel participated in settlement discussions with the City in good faith. On the basis of the City's promises and representations and the expectation that the City would timely comply with the settlement, she agreed to forgo her legal claims and a potential recovery for her injuries which far exceeded what she agreed to accept in settlement.

14. The Court's dismissal order was premised specifically on the City's representations to Magistrate Judge Reuter as set forth above. Had there been no settlement, the Plaintiff would not have agreed to release her claims and the Court would not have dismissed the case.

15. There is no justifiable excuse for the City's failure to complete the settlement or comply with any of its terms. Plaintiff is entitled to recover sanctions and to recoup her attorneys fees and costs for the City's dilatory conduct and bad faith.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order rescinding its October 11, 2007 order of dismissal, sanctioning the City for its vexatious and inexcusable conduct, and compelling the City to make all payments within ten days of the Court's Order as

provided by the settlement agreement. Plaintiff further requests that the Court allow her a period of fourteen days within which to file a motion to recover the costs and attorneys fees she has incurred in connection with her efforts to enforce the settlement and to prosecute this motion.

Respectfully submitted,

lm9023_____
LORRIE McKINLEY, ESQUIRE
Attorney I.D. No. 41211
McKINLEY & RYAN, LLC
16 West Market Street
West Chester, PA 19382
(610) 436-6060

Dated: November 26, 2007            Attorney for the Plaintiff, Helen Alford

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JAN E. DuBOIS
JUDGE

12613 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1766

July 13, 2007

**VIA FACSIMILE TRANSMISSION**

Lorrie McKinley, Esquire
McKINLEY & RYAN LLC
16 West Market Street, 3rd Floor
West Chester, Pennsylvania 19382

Daren B. Waite, Esquire
PHILADELPHIA DISTRICT ATTORNEYS OFFICE
Three South Penn Square, 13th Floor
Philadelphia, Pennsylvania 19107

Deborah Weinstein, Esquire
THE WEINSTEIN FIRM
1800 John F. Kennedy Boulevard, Suite 1720
Philadelphia, Pennsylvania 19103

Dear Counsel:

This will serve to acknowledge Ms. McKinley's letter of June 13, 2007, received July 13, 2007. As requested, I referred the matter to Magistrate Judge Rueter for a settlement conference. A copy of my letter of referral is enclosed.

Ms. McKinley asked that the case be placed on the suspense docket for a period of thirty (30) days. I do not believe that is necessary. Instead, if the case is not settled, I will conduct a scheduling conference and issue an amended scheduling order.

Lastly, I direct that you jointly advise me of the status of your settlement discussions within one (1) week of your settlement conference before Judge Rueter. If more time is needed, you should request it within the one (1) week period.

Very truly yours,

Jan DuBois

JED/jfc

Enclosure

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JAN E. DuBOIS
JUDGE

July 13, 2007

12613 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1766
(215) 597-5579

Honorable Thomas J. Rueter
United States Magistrate Judge
3038 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

RE: Alford v. City of Philadelphia, et al - CA No. 07-375

Dear ~~Judge Rueter~~ Tom:

    The parties in this employment discrimination case have requested a settlement conference before you. Please do the necessary to schedule a conference as soon as is convenient.

    The details of plaintiff's claims are set forth in the Amended Complaint; a copy is enclosed. Defendants filed a Motion to Dismiss the Amended Complaint, but I see no need to burden you with a copy. If you want to see it, you should call my secretary and request a copy.

    I conducted a Preliminary Pretrial Conference on May 11, 2007. A copy of my Scheduling Order of that date is enclosed. In view of the fact that the parties have not yet filed pretrial memoranda, you might want to consider requiring them to submit settlement conference memoranda.

    The names, addresses and telephone numbers of counsel are as follows:

    Lorrie McKinley, Esquire
    McKINLEY & RYAN LLC
    16 West Market Street, 3rd Floor
    West Chester, Pennsylvania 19382
    Telephone: (610) 436-6060
    Counsel for Plaintiff; and,

    Daren B. Waite, Esquire
    PHILADELPHIA DISTRICT ATTORNEYS OFFICE
    Three South Penn Square, 13th Floor
    Philadelphia, Pennsylvania 19107
    (215) 686-5774; and,

Honorable Thomas J. Rueter
United States Magistrate Judge
July 13, 2007
Page 2

>Deborah Weinstein, Esquire
>THE WEINSTEIN FIRM
>1800 John F. Kennedy Boulevard, Suite 1720
>Philadelphia, Pennsylvania 19103
>Telephone: (215) 636-0615
>Counsel for Defendants.

Your assistance in this matter is, as always, much appreciated.

Very truly yours,

Bud

JED/jfc

Enclosures

cc: Lorrie Mckinley, Esquire - wo/enc. - (via facsimile transmission)
Daren B. Waite, Esquire - wo/enc. - (via facsimile transmission)
Deborah Weinstein, Esquire - wo/enc. - (via facsimile transmission)

TOTAL P.03

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELEN ALFORD | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | NO. 07-375 |
| | : | |
| CITY OF PHILADELPHIA; CITY OF PHILADELPHIA DISTRICT ATTORNEY'S OFFICE; MARIA MCLAUGHLIN; and, RACHEL KIMMICH | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 11th day of October, 2007, upon consideration of Defendants' Motion to Dismiss the Amended Complaint (Document No. 19, filed May 29, 2007), it having been reported that the issues between the parties in the above action have been settled, **IT IS ORDERED** as follows:

1. Defendants' Motion to Dismiss the Amended Complaint is **DENIED AS MOOT**; and,

2. Pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure of this Court, the above action is **DISMISSED WITH PREJUDICE**, by agreement of counsel, without costs.

BY THE COURT:

_/s/ Jan E. DuBois_
JAN E. DUBOIS, J.

TOTAL P.04

EXHIBIT "C"

| | |
|---|---|
| Subj: | **RE: Settlement Agreement** |
| Date: | 10/22/2007 5:29:56 PM Eastern Daylight Time |
| From: | dweinstein@weinsteinfirm.com (Deborah Weinstein) |
| Reply-to: | dweinstein@weinsteinfirm.com |
| To: | McKVon@aol.com |

I have prepared it and sent it over to the Law Dept. earlier today for their approval.  Will follow up and get it to you asap.

**From:** McKVon@aol.com [mailto:McKVon@aol.com]
**Sent:** Monday, October 22, 2007 5:25 PM
**To:** DWEINSTEIN@WEINSTEINFIRM.COM
**Cc:** ashleysilver1@yahoo.com
**Subject:** Settlement Agreement

Hi Debbie-

Any idea when we can expect the settlement agreement?

Lorrie McKinley, Esquire
McKinley & Ryan, LLC
16 West Market Street, 3rd Floor
West Chester, PA  19382
(610) 436-6060
Fax:  (610) 436-6804


***************************************
See what's new at http://www.aol.com


---------------------- Headers -------------------------------
Return-Path: <dweinstein@weinsteinfirm.com>
Received: from rly-ma03.mx.aol.com (rly-ma03.mail.aol.com [172.20.116.47]) by air-ma05.mail.aol.com (v119.12)
 with ESMTP id MAILINMA054-89c471d163f225; Mon, 22 Oct 2007 17:29:56 -0400
Received: from mout.perfora.net (mout.perfora.net [74.208.4.196]) by rly-ma03.mx.aol.com (v119.12) with
 ESMTP id MAILRELAYINMA036-89c471d163f225; Mon, 22 Oct 2007 17:29:35 -0400
Received: from LENOVO7F5458F1 (pool-151-197-203-201.phil.east.verizon.net [151.197.203.201])
    by mrelay.perfora.net (node=mrus0) with ESMTP (Nemesis)
    id 0MKp8S-1lk4q4216w-0003ME; Mon, 22 Oct 2007 17:29:34 -0400
Reply-To: <dweinstein@weinsteinfirm.com>
From: "Deborah Weinstein" <dweinstein@weinsteinfirm.com>
To: <McKVon@aol.com>
Subject: RE: Settlement Agreement
Date: Mon, 22 Oct 2007 17:29:26 -0400
MIME-Version: 1.0
Content-Type: multipart/alternative;
    boundary="----=_NextPart_000_0079_01C814D1.1A00A770"
X-Mailer: Microsoft Office Outlook, Build 11.0.5510
In-Reply-To: <d29.158d64ca.344e6f2a@aol.com>
Thread-Index: AcgU8gDptuPtg6NORW6EZxlrUlAqnwAAH7fA
X-MimeOLE: Produced By Microsoft MimeOLE V6.00.2900.3198
Message-Id: <0MKp8S-1lk4q4216w-0003ME@mrelay.perfora.net>
X-Provags-ID: V01U2FsdGVkX18u9X36OX2j9G/UzyBnK+VFr5Dnd/KGbLMnpuo
Hc4Q9ufoErfMiEklBhnmkb//apReiAZ/BAilN0S/jvmboLxCay
vF1KkXx6rU9EXC92nLKXp5Md7GveusrhQiK5Ha/XP8=

EXHIBIT "D"

| | |
|---|---|
| Subj: | **Alford** |
| Date: | 11/5/2007 5:53:33 PM Eastern Standard Time |
| From: | McKVon |
| To: | DWEINSTEIN@WEINSTEINFIRM.COM |
| CC: | ashleysilver1@yahoo.com |

Hi Debbie-

We still have not seen the settlement agreement. Have you sent it? Please get it to us as soon as possible.

Very truly yours,

Lorrie McKinley, Esquire
McKinley & Ryan, LLC
16 West Market Street, 3rd Floor
West Chester, PA 19382
(610) 436-6060
Fax: (610) 436-6804


****************************************
See what's new at http://www.aol.com

EXHIBIT "E"

## McKINLEY & RYAN, LLC
*Attorneys at Law*

*16 West Market Street, 3rd Floor*
*West Chester, PA 19382*
*Tel: (610) 436-6060*
*Fax: (610) 436-6804*

*Lorrie McKinley, Esquire*
*Nancy Ryan, Esquire*

November 15, 2007

Deborah Weinstein, Esquire
1800 JFK Boulevard, Suite 1720
Philadelphia, PA 19103

**RE: Alford v. City of Philadelphia**

Dear Ms. Weinstein:

As you know, the settlement conference in this case took place on October 9, 2007. On October 22, 2007 you told me that you had prepared the settlement agreement and forwarded it to the DA's Office. You were waiting for them to return it to you so that you could send it on for me for comment and approval. Almost four weeks later we are still waiting. That is unacceptable.

Please let your clients know that if we do not have a draft agreement by Tuesday, November 20, 2007, we will be notifying the Court and taking whatever steps are necessary to enforce the settlement agreement. We will be asking the Court to order the reimbursement of all fees and costs which we incur in that process. I sincerely hope that any such measures on our part will not be necessary. I am sure you can understand, however, that the City's dilatoriness has left us with no alternative.

Very truly yours,

*Lorrie McKinley*
LORRIE McKINLEY

cc:   Ms. Helen Alford

## *McKINLEY & RYAN, LLC*
Attorneys at Law

*16 West Market Street, 3rd Floor*
*West Chester, PA 19382*
*Tel: (610) 436-6060*
*Fax: (610) 436-6804*

*Lorrie McKinley, Esquire*
*Nancy Ryan, Esquire*

# TELECOPIER COVER SHEET

| Date: **November 15, 2007** | No. of Pages (including this pages): **2** |
|---|---|
| To the **ATTENTION** of:<br>**Debbie Weinstein, Esquire** | **To (Company or Firm):**<br>**Philadelphia District Attorney's Office** |
| From: **Lorrie McKinley, Esquire** | of *McKINLEY & RYAN, LLC* |
| Fax #: **610-436-6804** | My Phone No.: **(610) 436-6060** |
| Re: C.A. No. 07-0375<br>**Helen Alford v. City of Philadelphia** | Originals will __XX__ will not____ follow in the mail. |
| COMMENT || 
| Please see attached. ||
| Destination Fax: **(215)494-5556** | |

**CONFIDENTIALITY NOTICE**

The information contained in this telecopy message is privileged and intended only for the use of the individual named above. If the reader of this message is not the intended recipient, you are hereby advised that any dissemination, distribution or copy of the telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and destroy this.

```
                    ┌─────────────────────────────────┐
                    │ TRANSMISSION VERIFICATION REPORT │
                    └─────────────────────────────────┘

                                        TIME   : 11/12/2007 19:11
                                        NAME   : MRK
                                        FAX    : 2157310238
                                        TEL    : 2157310231
                                        SER.#  : BROB3J206911


    DATE,TIME                       11/12  19:11
    FAX NO./NAME                    12154945556
    DURATION                        00:00:32
    PAGE(S)                         02
    RESULT                          OK
    MODE                            STANDARD
                                    ECM
```